# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTHONY RAY JENKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-1370-EFM-KGG |
| | ) |
| STATE OF KANSAS, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

# MEMORANDUM & ORDER ON
# MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES,
# MOTION FOR APPOINTMENT OF COUNSEL, AND
# REPORT & RECOMMENDATION FOR DISMISSAL

In conjunction with his federal court Complaint, Plaintiff Anthony Ray Jenkins has filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 2, sealed), with an accompanying Affidavit of Financial Status (Doc. 2-1, sealed), and a Motion to Appoint Counsel (Doc. 3).[1]  Having reviewed Plaintiff's motions, as well as his financial affidavit and Complaint, the Court

---

[1] The Court notes that the Clerk previously informed Plaintiff that the civil cover sheet and the signatures/addresses of the additional four plaintiffs named in the Complaint are missing. (Doc. 4, Notice of Deficiency, text entry).  The Clerk instructed Plaintiff to correct the deficiencies immediately.  Plaintiff was also informed that if the additional Plaintiffs are added to the case, each Plaintiff must also complete a Motion to Proceed Without Prepayment of Fees and Affidavit of Financial Status.  The undersigned Magistrate Judge recommends herein to the District Court that the case be dismissed.  If the District Court accepts this Court's recommendation of dismissal, the Clerk's instructions will be moot.  If the District Court allows Plaintiff's claims to continue, however, Plaintiff will need to follow the Clerk's instructions.

**GRANTS** Plaintiff's motion for *IFP* status (Doc. 2), **DENIES** his request for counsel (Doc. 3), and **recommends** Plaintiff's claims be dismissed for failure to state a viable federal cause of action.

**I.     Motion to Proceed Without Prepayment of Fees.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means.  28 U.S.C. § 1915(a).  In so doing, the court considers the affidavit of financial status included with the application.  *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff indicates he is "6" years old and both married and separated, with is estranged spouse listed as 53 years old.

The Court will surmise, for purposes of this motion, that Plaintiff's stated age is in correct and that he is in his sixties. He lists a dependent, but does not provide an age for that individual. (Doc. 2-1, sealed, at 2.) Because Plaintiff's claims relate to the arrest and incarceration of the named dependent, the Court will surmise, for purposes of this motion, that the dependent should legally be considered an adult over the age of 18. Plaintiff is currently unemployed and lists no discernible prior employment. (*Id*., sealed, at 2-3.) Further, he lists no income from other sources, such as unemployment or welfare; he does, however, indicate a small, monthly food stamp stipend. (*Id*., at 4-5.) He indicates that he does not own real property. While he also indicates that he does not own an automobile, he does list a modest automobile with a stated present value of "$00." (*Id*., at 3-4.) He lists no rent or mortgage payment but does enumerate certain other reasonable expenses, including utilities and car insurance. (*Id*., at 5.) He lists no cash on hand or bank accounts. (*Id*., at 4.) He has filed for bankruptcy. (*Id*., sealed, at 6.)

    Considering all of the information contained in the financial affidavit, Plaintiff has no monthly income and no financial means with which to pay a filing fee. The Court finds that Plaintiff has established that his access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court **GRANTS** Plaintiff leave to proceed *in forma*

*pauperis* directs that the cases be filed without payment of a filing fee.

## II.   Motion to Appoint Counsel.

Plaintiff has also filed a motion requesting the appointment of counsel. (Doc. 3.)  The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel.  ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); ***Castner v. Colorado Springs Cablevision***, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.  The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. ***Castner****,* 979 F.2d at 1421.

As discussed above, Plaintiff's financial situation would make it impossible for him to afford counsel.  The next factor is Plaintiff's diligence in searching for counsel.  The form motion used by Plaintiff clearly indicates that he was to "<u>confer with</u> (not merely contact)" at least five attorneys regarding legal representation

prior to filing the motion.  (Doc. 3, at 2 (emphasis in original).)  The form provides space for the name, address, date(s) of contact, method of contact, and response received for six attorneys.  Rather than providing the requisite information, Plaintiff merely states, "Every judge or lawyer I have found in Kansas are like Don L. Scott, Mrs. Alford K.K.K.  So I went to U.S. Department of Justice Civil Rights Division to have them process these complaints."  (*Id.*)

Often in situations such as this, the Court will require a movant to confer with, and provide the required information regarding, the requisite number of attorneys before the Court will consider the application.  The Court finds in this instance, however, that the motion will be resolved on other factors. As such, requiring Plaintiff to complete this task would not be useful.

The next factor is the merits of plaintiff's case.  *See **McCarthy***, 753 F.2d at 838-39 (10th Cir. 1985); ***Castner***, 979 F.2d at 1421.  As discussed below, the Court cannot discern a viable cause of action based on Plaintiff's filing, weighing against the appointment of counsel.  The analysis will thus turn to the final ***Castner*** factor, Plaintiff's capacity to prepare and present the case without the aid of counsel.  979 F.2d at 1420-21.

In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts.  *Id.*, at 1422.  The

Court notes that the factual and legal issues in this case are not unusually complex. *Cf.* ***Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day. Although Plaintiff is not trained as an attorney, and while an attorney might present this case more effectively, this fact alone does not warrant appointment of counsel. To the contrary, Plaintiff has shown the ability for self-representation through the filing of more than fifty (50) other lawsuits, many of which were brought against the same Defendants named herein. As such, the Motion to Appoint Counsel (Doc. 3) is **DENIED**.

**III. Sufficiency of Complaint and Recommendation for Dismissal.**

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from

such relief." "When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests." ***Mitchell v. Deseret Health Care Facility***, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." ***Harris v. Campbell***, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. ***Hall v. Bellmon***, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See* ***Kay v. Bemis***, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See* ***Moore v. Guthrie***, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a *pro se* plaintiff. *See* ***Jackson v. Integra Inc.***, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. ***Hall***, 935 F.2d at 1110; *see also* ***Haines v. Kerner***, 404 U.S.

7

519, 92 S.Ct. 594 (1972).  Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action."  **Fisher v. Lynch**, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." **Fisher**, 531 F. Supp.2d at 1260 (citing **Bell Atlantic Corp. v. Twombly**, 127 S.Ct. at 1974).   Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." **Kay v. Bemis**, 500 F.3d at 1218 (citing **Bell Atlantic Corp. v. Twombly**, 127 S.Ct. At 1965).

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. ***Monroe v. Owens***, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002).  Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed.R.Civ.P. 8(a).  After reviewing Plaintiff's Complaint and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

The Court is unable to glean any cause of action arising out of the allegations stated by Plaintiff.  The Court cannot discern what claims Plaintiff is intending to bring against Defendants or how such claims would be viable in federal Court.  The Complaint simply does not contain the requisite short and plain statement of the claim showing the pleader is entitled to relief.  Fed.R.Civ.P. 8(a). This requires the Court to **recommend to the District Court the dismissal of Plaintiff's claims** pursuant to 28 U.S.C. §1915(e)(2).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for *IFP* status (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Doc. 3) is **DENIED**.

**IT IS RECOMMENDED** to the District Court that Plaintiff's Complaint be **DISMISSED** for the failure to state a claim on which relief may be granted. The Clerk's office shall not proceed to issue summons in this case at the present time.

**IT IS THEREFORE ORDERED** that a copy of the recommendation shall be sent to Plaintiff *via* certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have **fourteen (14) days** after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED AND RECOMMENDED**.

Dated at Wichita, Kansas, on this 28th day of September, 2016.

  s/ Kenneth G. Gale
KENNETH G. GALE
United States Magistrate Judge